1

2

3

4

5                        UNITED STATES DISTRICT COURT

6                       NORTHERN DISTRICT OF CALIFORNIA

7

8    NAOMI CASTILLO-RAMIREZ,                    No. C-09-5938 EMC

9              Plaintiff,

10        v.                                    **ORDER GRANTING DEFENDANT'S
                                                MOTION TO DISMISS**
11   COUNTY OF SONOMA, and DOES 1 to            **(Docket No. 8)**
     100, INCLUSIVE,
12
               Defendants.
13   _____/

14

15        Pro per plaintiff Naomi Castillo-Ramirez ("Castillo-Ramirez"), through her proposed

16   guardian *ad litem* Maricela Ramirez ("Ms. Ramirez"), brought this civil rights complaint under 42

17   U.S.C. § 1983 against Defendants County of Sonoma and Does 1 to 100, alleging that the defendants

18   violated her father's civil rights during his incarceration at the county jail.  Defendant County of

19   Sonoma has moved the Court to dismiss the claim, for, among other things, Castillo-Ramirez's lack

20   of capacity to sue as an unrepresented minor.  Having considered the parties' briefs and

21   accompanying submissions, the Court hereby **GRANTS** Defendant County of Sonoma's motion to

22   dismiss.

23                          **I.    DISCUSSION**

24        Federal Rule of Civil Procedure 17 sets forth the rules for determining a party's capacity to

25   sue.  *See* Fed. R. Civ. P. 17.  In determining whether an unrepresented minor may bring a civil

26   action, courts normally look to both Rule 17(b) and 17(c).  *See, e.g.*, *Johns v. County of San Diego*,

27   114 F.3d 874, 877-78 (9th Cir. 1997); *Dean v. City and County of San Francisco*, No. C-05-01876

28   EDL, 2006 U.S. Dist. LEXIS 25217, at *2-3 (N.D. Cal. Mar. 28, 2006); *Duarte v. Figueroa*, No. C

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

05-1049 JF (PR), 2006 U.S. Dist. LEXIS 15752, at *2-3 (N.D. Cal. Mar. 21, 2006).  In specific, Rule 17(b)(1) provides that a plaintiff's capacity to sue is determined by the law of the plaintiff's domicile.  *See* Fed. R. Civ. P. 17.  When minors are involved, California Family Code §§ 6502 and 6601 provide that a minor, or an individual under the age of eighteen, may file a civil suit as long as the action is conducted by a guardian.  *See* Cal. Fam. Code §§ 6502, 6601.  If a minor is unrepresented, Federal Rule of Civil Procedure 17(c)(2) provides that a minor may sue by guardian *ad litem* or by next friend, but a court must formally appoint the guardian *ad litem* to protect the unrepresented minor.  *See* Fed. R. Civ. P. 17; *see also Watson v. County of Santa Clara*, 468 F. Supp. 2d 1150, 1155 (N.D. Cal. 2007) (dismissing without prejudice actions brought by plaintiff minors because no guardian *ad litem* was formally appointed by the court).  Moreover, it is well-established that even when a court formally appoints a guardian *ad litem* or next friend to represent a minor, the guardian *ad litem* must retain a lawyer, because a non-lawyer may not appear as an attorney for anyone other than himself.  *See Johns*, 114 F.3d at 877.

In the instant case, the Court agrees with Defendant County of Sonoma's contention that Castillo-Ramirez lacks capacity to sue pursuant to Federal Rule of Civil Procedure 17.  First, neither Castillo-Ramirez, a minor, nor Ms. Ramirez has put forth any record showing formal appointment of a guardian *ad litem* or next friend by a court.  In fact, Ms. Ramirez has admitted that she is presently in the process of submitting her request to be formally appointed by the court as either guardian *ad litem* or next friend of Castillo-Ramirez.  *See* Pl.'s Opp. at 2.  Without formal appointment of a guardian by the court, Castillo-Ramirez does not have capacity to sue under Federal Rule of Civil Procedure 17.

Second, even assuming that a court were to formally appoint Ms. Ramirez as guardian *ad litem* or next friend of Castillo-Ramirez, the action cannot proceed because Ms. Ramirez has not retained a lawyer.  *See Johns*, 114 F.3d at 877.  In addition to seeking formal appointment as a guardian *ad litem*, Ms. Ramirez has also indicated that she is currently in the process of submitting a request for representation of counsel.  *See* Pl.'s Opp. at 2.  Accordingly, because Ms. Ramirez has not been formally appointed as guardian *ad litem* by a court, nor has Ms. Ramirez retained counsel for the present action, the Court dismisses the complaint without prejudice.

**United States District Court**

For the Northern District of California

1         Until these deficiencies are properly addressed, the Court does not rule on the remaining

2 arguments raised by Defendant County of Sonoma concerning Castillo-Ramirez's alleged failure to

3 state a claim for relief or the application of the Eleventh Amendment to the instant case.

4                        **II.**    **CONCLUSION**

5         Because Castillo-Ramirez, as an unrepresented minor, cannot proceed with the present

6 action, Defendant County of Sonoma's motion to dismiss is granted without prejudice.  Ms. Ramirez

7 has until 60 days from date of filing of order to amend the complaint and to file a motion for

8 appointment of guardian *ad litem* or next friend.

9         Ms. Castillo-Ramirez is advised that she may seek advice from the Legal Help Center in this

10 Courthouse, operated by the Volunteer Legal Services Program of the Bar Association of San

11 Francisco.

12         This order disposes of Docket No. 8.

13

14         IT IS SO ORDERED.

15

16 Dated:  April 9, 2010

17                                  EDWARD M. CHEN

18                                  United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28