United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI CASTILLO-RAMIREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SONOMA, and DOES 1 to 100, INCLUSIVE,<br><br>    Defendants.<br>_____/ | No. C-09-5938 EMC<br><br>**ORDER DENYING RAMIREZ'S EX PARTE APPLICATION FOR APPOINTMENT OF INTERIM NEXT OF KIN**<br><br>**(Docket No. 46)** |

Maricela Ramirez has filed an application asking that she be appointed the guardian ad litem or next friend of Plaintiff Naomi Castillo-Ramirez in order to prosecute a claim on Plaintiff's behalf. According to Ms. Ramirez, Plaintiff is a minor.

Under Federal Rule of Civil Procedure 17(c), "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem -- or issue another appropriate order -- to protect a minor . . . who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). In determining "what factors or procedures to use when appointing the guardian ad litem" or next friend, a court does not look to state law but rather focuses on "the protection of the [minor's] interests." *Gibbs v. Carnival Cruise Lines*, 314 F.3d 125, 135-36 (3d Cir. 2002); *see also Estate of Ricardo Escobedo v. City of Redwood City*, No. C03-03204 MJJ, 2006 U.S. Dist. LEXIS 12457, at *23-24 (N.D. Cal. Mar. 2, 2006) (noting the same); 4-17 Moore's Fed. Prac. -- Civ. § 17.21[3][a] (noting the same); *cf. United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 (1986) (stating that, "[a]lthough this circuit has not specifically articulated its standard of review for appointment of a guardian ad litem, other circuits, older

precedent, and common sense suggest that such appointment must normally be left to the sound discretion of the trial court and may be reviewed only for abuse of that discretion"). Factors that have been considered by courts include whether the proposed guardian ad litem or next friend has a significant relationship with the minor and whether the proposed guardian ad litem or next friend has established that he or she is truly dedicated to the best interests of the minor. *See* 4-17 Moore's Fed. Prac. – Civ. § 17.25[2]; *see also Safouane v. Fleck*, 226 Fed. Appx. 753, 758 (9th Cir. 2007).

In the instant case, the Court concludes that Ms. Ramirez has failed to make an adequate showing that she should be appointed Plaintiff's guardian ad litem or next friend. For example, the strength and closeness of the relationship between Ms. Ramirez and Plaintiff is not clear. Ms. Ramirez is not a direct relative of the Plaintiff. Although Ms. Ramirez asserts she is the sister-in-law of Plaintiff's father, the decedent, she provides no other documentation or evidence of the relationship. *See* App. at 2. *See T.W. by & Through Enk v. Brophy*, 954 F. Supp. 1306, 1310 (E.D. Wis. 1996) (examining whether the proposed next friend was related to the minors or whether he had served as their foster parent). Nor is it evident whether Ms. Ramirez has a close relationship with Plaintiff given that Plaintiff allegedly resides in Mexico while Ms. Ramirez allegedly resides in Oregon and/or California. *See* App. at 1-2. *Cf. Safouane*, 226 Fed. Appx. at 758 (examining whether the proposed next friends had any contacts with the minors); *T.W.*, 954 F. Supp. at 1310 (noting that the proposed next friend had met with the minors "no more than ten times"). Even if Ms. Ramirez was given authority by the biological mother of Plaintiff's father, the decedent, to dispose of the decedent's body (again there is no proof other than Ms. Ramirez's statement not in the form of a declaration given under oath), that does not establish in and of itself that she has a significant relationship with Plaintiff. *Cf. id.* (noting that simply because the proposed next friend was head of a children's organization did not mean that he was acting in the interest of the two minors at issue in particular). Finally, even assuming that Ms. Ramirez and Plaintiff have a significant relationship, Ms. Ramirez has not shown that she is truly dedicated to the best interests of Plaintiff. *See, e.g., id.* (examining whether the minors asked the proposed next friend to bring suit).

///

///

Accordingly, the Court denies Ms. Ramirez's application for appointment as guardian ad litem or next friend without prejudice. Ms. Ramirez shall be given thirty (30) days from the date of this order to file a renewed motion for appointment as guardian ad litem or next friend. The motion needs to be supported by evidence informing the factors discussed above. Ms. Ramirez is forewarned that, if she fails to make the necessary showing in her renewed motion, then the case may be dismissed with prejudice.

Ms. Ramirez is further forewarned that, even if she is appointed guardian ad litem or next friend, "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). Ms. Ramirez is advised again that information and advice may be obtained from the Legal Help Center, a flyer of which is attached again.

This order disposes of Docket No. 46

IT IS SO ORDERED.

Dated: June 10, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

3

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI CASTILLO-RAMIREZ,<br><br>   Plaintiff,<br><br>  v.<br><br>COUNTY OF SONOMA, and DOES 1 to 100, INCLUSIVE,<br><br>   Defendants.<br>_____/ | No. C-09-5938 EMC<br><br><br><br>**CERTIFICATE OF SERVICE** |

  I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Naomi Castillo-Ramirez  
2113 W. Steele Lane  
Santa Rosa, CA 95403  
707-568-0348  
PRO SE

Maricela Ramirez  
2113 W. Steele Lane  
Santa Rosa, CA 95403  
PRO SE

Dated: June 10, 2010      RICHARD W. WIEKING, CLERK

              By: /s/ Leni Doyle  
                 Leni Doyle  
                 Deputy Clerk