UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NAOMI CASTILLO-RAMIREZ,            No. C-09-5938 EMC

       Plaintiff,

    v.                                     **ORDER GRANTING RAMIREZ'S EX PARTE APPLICATION FOR APPOINTMENT OF NEXT FRIEND OR GUARDIAN AD LITEM**

COUNTY OF SONOMA, and DOES 1 to 100, INCLUSIVE,

                                                            **(Docket Nos. 53-54)**

       Defendants.
_____/

       Plaintiff Naomi Castillo-Ramirez is a minor, currently fourteen years of age. *See* Castillo-Ramirez Decl. ¶ 3. Under Federal Rule of Civil Procedure 17(c), "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem -- or issue another appropriate order -- to protect a minor . . . who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Currently pending before the Court is the ex parte application of Maricela Ramirez, in which she asks to be appointed the guardian ad litem or next friend of Plaintiff in order to prosecute a claim on Plaintiff's behalf. Ms. Ramirez is Plaintiff's aunt on her mother's side. *See* Castillo-Ramirez Decl. ¶ 3; Ramirez-Cruz Decl. ¶ 3.

       In determining "what factors or procedures to use when appointing the guardian ad litem" or next friend, a court focuses on "the protection of the [minor's] interests." *Gibbs v. Carnival Cruise Lines*, 314 F.3d 125, 135-36 (3d Cir. 2002); *see also Estate of Richard Escobedo v. City of Redwood City*, No. C03-03204 MJJ, 2006 U.S. Dist. LEXIS 12457, at *23-24 (N.D. Cal. Mar. 2, 2006) (noting the same); 4-17 Moore's Fed. Prac. -- Civ. § 17.21[3][a] (noting the same); *cf. United States v. 30.64*

1  *Acres of Land*, 795 F.2d 796, 804 (9th Cir. 1986) (noting that "appointment must normally be left to
2  the sound discretion of the trial court").

3　　　　In the instant case, Ms. Ramirez has provided declarations from Plaintiff and Plaintiff's
4  mother to support her application for appointment as next friend or guardian ad litem.  In the
5  declarations, both Plaintiff and her mother state that they gave "verbal authorization" to Ms.
6  Ramirez to file a lawsuit on Plaintiff's behalf based on the wrongful death of Plaintiff's father.
7  Castillo-Ramirez Decl. ¶2; Ramirez-Cruz Decl. ¶ 2.  Both Plaintiff and her mother also indicate that
8  they wish Ms. Ramirez to be appointed a next friend or guardian ad litem for Plaintiff because Ms.
9  Ramirez "is a person of highest integrity and is acting in good faith to protect [Plaintiff's] interests."
10 Castillo-Ramirez Decl. ¶ 2; Ramirez-Cruz Decl. ¶ 2.  In support of this statement, Plaintiff and her
11 mother maintain that Plaintiff and Ms. Ramirez have a close relationship; that Ms. Ramirez has
12 visited Plaintiff at least once a year since 1996; and that Ms. Ramirez has demonstrated concern for
13 Plaintiff's well-being as demonstrated by her providing clothing and money for Plaintiff at least
14 once every two years.  *See* Castillo-Ramirez Decl. ¶ 3; Ramirez-Cruz Decl. ¶ 3.

15　　　　In addition to declarations from Plaintiff and her mother, Ms. Ramirez has also provided
16 other documents to support her application for appointment as next friend or guardian ad litem.  For
17 example, Ms. Ramirez has provided photographs that she has taken of Plaintiff over the years
18 (accompanied by brief statements about the photographs -- *e.g.*, that she bought the clothing Plaintiff
19 is wearing in the picture); bank statements reflecting transfers of money to Plaintiff's mother; and
20 telephone records reflecting calls made to Mexico.  None of these documents, however, has been
21 authenticated; indeed, none of the documents has attached to a declaration submitted by Ms.
22 Ramirez under the penalty of perjury.  Accordingly, the Court gives these documents no weight.

23　　　　That being said, based on the declarations submitted by Plaintiff and her mother, the Court
24 concludes that Ms. Ramirez has made an adequate showing that she will act in good faith to protect
25 Plaintiff's interests such that she should be appointed next friend or guardian ad litem.  Accordingly,
26 the Court **GRANTS** Ms. Ramirez's application.  Henceforth, for purposes of this lawsuit only, Ms.
27 Ramirez is the next friend or guardian ad litem of Plaintiff.
28

This does not mean, however, that the lawsuit may proceed at this juncture because "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). Consistent with the Court's prior order of June 8, 2010, proceedings in this case are stayed until Ms. Ramirez retains a lawyer *and* has that lawyer make an appearance in this case on Plaintiff's behalf. *See* Docket No. 51 (order). The Court shall give Ms. Ramirez 90 days to retain a lawyer and have the lawyer make an appearance in this case on Plaintiff's behalf. Ms. Ramirez is forewarned that, if no lawyer makes an appearance in this case on Plaintiff's behalf by that date, then the Court may dismiss the case in its entirety.

This order disposes of Docket Nos. 53 and 54.

IT IS SO ORDERED.

Dated: July 15, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

3

|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| NAOMI CASTILLO-RAMIREZ, | No. C-09-5938 EMC |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| COUNTY OF SONOMA, and DOES 1 to 100, INCLUSIVE, | |
| Defendants. _____/ | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Naomi Castillo-Ramirez
2113 W. Steele Lane
Santa Rosa, CA 95403
707-568-0348
PRO SE

Maricela Ramirez
2113 W. Steele Lane
Santa Rosa, CA 95403
PRO SE

Dated: July 15, 2010         RICHARD W. WIEKING, CLERK

                             By:   /s/ Leni Doyle
                                   Leni Doyle
                                   Deputy Clerk