UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI CASTILLO-RAMIREZ,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF SONOMA, and DOES 1 to 100, INCLUSIVE,<br><br>        Defendants.<br>_____/ | No. C-09-5938 EMC<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

       This case is an alleged wrongful death action regarding a Sonoma County Jail inmate named Samuel Antonio Castillo-Martinez, who passed away while in custody on March 13, 2008. Mr. Martinez was placed in jail custody by the Sonoma County Superior Court pursuant to a conviction and sentence under California Penal Code Section 243(e) (battery against a spouse or similar person), and for violating the terms of his probation. Mr. Martinez was placed in County jail custody on January 3, 2008, where he remained until his death on March 13, 2008. This action seeks damages only, and is brought by the daughter of the deceased, Naomi Castillo-Ramirez ("Plaintiff"), who is a minor at this time (approximately 15 years old) and resides in Mexico.

       Ms. Maricela Ramirez, Plaintiff's maternal aunt, filed the complaint herein on Plaintiff's behalf on December 18, 2009. In response, the County filed its Motion to Dismiss Complaint on February 25, 2010. A hearing was held on that motion on April 7, 2010, and the Court issued its Order Granting Defendant's Motion to Dismiss on April 9, 2010. In its April 9th Order, the Court granted the County's motion based on its determination that Plaintiff could not proceed in the action because she was an unrepresented minor. The Court provided Ms. Ramirez with 60 days (*i.e.*, through June 8, 2010) to amend the complaint and file a motion for appointment of a guardian *ad*

*litem* or next friend. (Docket No. 26, at 3:5-8). Ms. Ramirez filed a First Amended Complaint for Damages on May 11, 2010. (Docket No. 35).

From April 19, 2010 through December 14, 2010, Ms. Ramirez filed a series of administrative motions with the Court, among them seeking appointment of counsel, requesting a second autopsy of the deceased,[1] requesting an extension of time to seek appointment as Plaintiff's next friend or guardian *ad litem*, and for additional time to obtain appearance of counsel for Plaintiff. During this process, the County sought from the Court and obtained a temporary stay of the action pending appointment of a next friend or guardian *ad litem* for Plaintiff, and appearance of counsel on her behalf. (Docket No. 51; *see also* Docket No. 73). The temporary stay of the action remained in effect.

Pursuant to Ms. Ramirez's request, the Court approved her appointment as Plaintiff's next friend or guardian *ad litem* for purposes of the lawsuit by Order entered on July 15, 2010. (Docket No. 59). In that Order, the Court also reiterated that Ms. Ramirez could not proceed in the action on behalf of the minor Plaintiff without a lawyer, pursuant to the holding in *Johns v. County of San Diego*, 114 F.3d 874, 977 (9th Cir. 1997). Accordingly, the Court provided Ms. Ramirez with an additional 90 days (*i.e.*, through October 13, 2010) to retain a lawyer and have the lawyer make an appearance on behalf of Plaintiff.

In partial response to Ms. Ramirez's additional requests for administrative relief, the Court further extended her time to obtain an attorney for Plaintiff through November 13, 2010 (Docket No. 73), through December 31, 2010 (Docket No. 77), and now through January 26, 2011 (Docket No. 82). In its Order entered October 25, 2010, the Court stated that it was providing Plaintiff "one final opportunity to find counsel to represent her," and forewarned that a failure to obtain counsel by December 31, 2010, would result in a dismissal of the case with prejudice. (Docket No. 77, at 2:3-6). In its most recent Order filed January 5, 2011, the Court extended that date and also set a Further Case Management Conference for January 26, 2011, ordering the parties to file a joint case management conference statement by January 19, 2011.

---

[1] Ms. Ramirez apparently obtained possession of decedent's body from the Sonoma County Coroner on March 20, 2008 and sent it to Mexico City, Mexico for burial.

2

Ms. Ramirez appeared at the CMC in this Court on January 26, 2011. She stated that she did not have counsel and that there was no imminent prospect of retaining counsel.

Although Ms. Ramirez asked for an indefinite amount of time to find counsel, in light of the history of the case, the multiple extensions of time afforded by the Court and the fact that there is no prospect in the foreseeable future the Ms. Ramirez will be able to retain counsel, the Court has no choice but to dismiss this case.

The case is dismissed pursuant to Fed. R. Civ. P. 41(b) without prejudice to Ms. Naomi Castillo-Ramirez bringing her own action when she reaches majority. As the County agreed at the CMC, where the suit prosecuted by the guardian *ad litem* is dismissed for failure to obtain counsel, the statute of limitations on the claims brought is tolled until the minor beneficiary reaches majority. *Tzolov v. Int'l Jet Leasing, Inc.*; 232 Cal. App. 3d 117, 121 (1991) (applying the tolling statute, Cal. Code. Civ. P. § 352, and holding "that a guardian ad litem's failure to bring a minor's action within the applicable limitation period will not prejudice the minor's right to do so after he or she becomes of age."); *Wilson v. Garcia*, 471 U.S. 261, 269 (state law governs tolling of the limitations period applicable to actions brought under 28 U.S.C. § 1983); *cf. Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).

Furthermore, to preserve the minor's rights, the County is directed to preserve all evidence related to the claims brought in this action, including autopsy and investigative reports and any specimens, until the statute of limitations for Ms. Castillo-Ramirez runs (as extended by the tolling period).

Finally, Ms. Ramirez is not precluded from re-filing this action should she, as guardian *ad litem*, retain counsel. However, she is not permitted to re-file this action without counsel.

IT IS SO ORDERED.

Dated: January 28, 2011

_____
EDWARD M. CHEN
United States Magistrate Judge

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI CASTILLO-RAMIREZ, | No. C-09-5938 EMC |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| COUNTY OF SONOMA, and DOES 1 to 100, INCLUSIVE, | |
| Defendants. _____/ | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Naomi Castillo-Ramirez  
2113 W. Steele Lane  
Santa Rosa, CA 95403  
707-568-0348  
PRO SE

Maricela Ramirez  
2113 W. Steele Lane  
Santa Rosa, CA 95403  
PRO SE

Dated: January 28, 2011         RICHARD W. WIEKING, CLERK

                    By:   /s/ Leni Doyle
                          Leni Doyle
                          Deputy Clerk